UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AARON KILLGORE,<br><br>    Plaintiff,<br><br>    v.<br><br>SPECPRO PROFESSIONAL SERVICES, LLC,<br><br>    Defendant. | Case No. 5:18-cv-03413-EJD<br><br>**ORDER DENYING MOTION TO REOPEN EXPERT DISCOVERY**<br><br>Re: Dkt. No. 69 |

Plaintiff, Aaron Killgore ("Killgore"), brought this action against Defendant, SpecPro Professional Services, LLC ("SpecPro"), alleging that SpecPro terminated Killgore's employment as a government contractor in retaliation for whistleblower activity protected under California law. Notice of Removal ("Compl."), ECF No. 1 at 18–32. Before the Court is Killgore's motion to reopen expert discovery. Mot. to Reopen Expert Discovery Re Environmental Expert ("Mot."), ECF No. 69. SpecPro filed an opposition, and Killgore filed a reply. Opp'n to Mot. ("Opp'n"), ECF No. 71; Reply in Supp. of Mot. ("Reply"), ECF No. 73.

On February 8, 2024, the Court heard oral arguments from both Parties and took the matter under submission. ECF No. 75. For the following reasons, the Court **DENIES** Killgore's motion to reopen expert discovery.

## I.   BACKGROUND

While he was consulting on an environmental project for the U.S. Army Reserve Command under the employment of SpecPro, Killgore believed he was required to prepare an Environmental Assessment report in a manner that violated federal law. Compl. ¶¶ 9–34. Killgore alleges that he was terminated after reporting the suspected illegality to the client and his

Case No.: 5:18-cv-03413-EJD
ORDER DENYING MOTION TO REOPEN EXPERT DISCOVERY

1

1  supervisor at SpecPro.  *Id.*

2  This case was removed from the Superior Court of the State of California, County of Santa
3  Clara on June 8, 2018.  Notice of Removal, ECF No. 1 at 1–10.  The Parties thereafter engaged in
4  discovery, and expert designations ended on October 15, 2019.  ECF No. 28.  On October 15,
5  2019, Killgore retained two expert witnesses, an economist and a psychologist, and identified two
6  other medical professionals as non-retained experts.  Decl. of Amy K. Todd in Supp. of Opp'n,
7  Ex. A, Killgore's Expert Witness Designation, ECF No. 71-1 at 5–8.  During fact discovery,
8  Killgore also identified two former co-workers, Melissa Russ ("Russ") and Oskar Burger
9  ("Burger"), as lay witnesses to testify in part to their understanding of Environmental
10  Assessments.  Mot. 6.  Russ and Burger were both deposed in April 2019.  *Id.*

11  On December 19, 2019, the Court granted SpecPro's motion for partial summary judgment
12  as to the first cause of action for wrongful termination in violation of California's whistleblower
13  protections under California Labor Code section 1102.5(c), and the fourth cause of action for
14  wrongful termination in violation of public policies under Section 1102.5(b).  Order Granting
15  Partial Summ. J., ECF No. 40.  Upon appeal, on October 20, 2022, the Ninth Circuit affirmed the
16  Court's order granting summary judgment of the Section 1102.5(c) whistleblower claim, and
17  reversed and remanded the Court's order granting summary judgment of the Section 1102.5(b)
18  claim.  *Killgore v. SpecPro Pro. Servs., LLC*, 51 F.4th 973 (9th Cir. 2022).  The Parties resolved
19  the wage claims to allow an appeal of the partial summary judgment claims; thus, the only
20  remaining claims for trial are the Section 1102.5(b) whistleblower claim and wrongful termination
21  claim.  *See* Mot. 6; Joint Trial Setting Conference Statement 2–3, ECF No. 67.

22  On September 29, 2023, the Parties filed a stipulation to set trial.  ECF No. 64.  Jury trial is
23  currently set to begin on April 16, 2024.  ECF No. 70.  On December 6, 2023, Killgore filed the
24  present motion requesting that the Court reopen expert discovery so Killgore can hire an
25  environmental expert.  *See* Mot.

28  Case No.: 5:18-cv-03413-EJD
ORDER DENYING MOTION TO REOPEN EXPERT DISCOVERY
2

United States District Court
Northern District of California

## II. LEGAL STANDARD

"District courts in the Ninth Circuit generally have approached motions to substitute experts after the deadline in one of two ways. Either they construe the motion as a motion to amend the court's scheduling order under Rule 16(b) of the Federal Rules of Civil Procedure or they construe the motion as an untimely designation under Rule 26(a) of the Federal Rules of Civil Procedure and determine whether to sanction the untimely disclosure under Rule 37(c) of the Federal Rules of Civil Procedure." *In re Northrop Grumman Corp. ERISA Litig.*, No. CV 06-06213-AB (JCX), 2016 WL 6826171, at *2 (C.D. Cal. Apr. 7, 2016) (*comparing Fidelity Nat'l Finc., Inc. v. Nat'l Union Fire Ins. Co.*, 308 F.R.D 649, 652 (S.D. Cal. 2015) and *Park v. CAS Enterprises, Inc.*, No. 08-cv-00385, 2009 WL 4057888, at *2–3 (S.D. Cal. Nov. 18, 2009) *with Nijjar v. Gen. Star Indem. Co.*, No. 12-cv-08148, 2014 WL 271630, at *2 (C.D. Cal. Jan. 2014)).

### A. Federal Rules of Civil Procedure 26(a) and 37(c)

Rule 26(a) of the Federal Rules of Civil Procedure requires parties to make initial disclosures providing "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). Parties must supplement their disclosures in a timely manner. Fed. R. Civ. P. 26(e)(1)(A). Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless." *Hoffman v. Constr. Protective Serv., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008). "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." *Unicolors, Inc. v. H&M Hennes & Mauritz L.P.*, 52 F.4th 1054, 1073 (9th Cir. 2022) (citation omitted).

### B. Federal Rule of Civil Procedure 16(b)

Rule 16(b)(4) requires a plaintiff to establish "good cause" to modify a court's scheduling order. Fed. R. Civ. P. 16(b)(4). Under Rule 16(b), "the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604,

Case No.: 5:18-cv-03413-EJD
ORDER DENYING MOTION TO REOPEN EXPERT DISCOVERY
3

1   608 (9th Cir. 1992). Secondarily, "the existence or degree of prejudice to the party opposing the

2   modification might supply additional reasons to deny a motion." *Id.* Ultimately, if the moving

3   party was not diligent, "the inquiry should end." *Id.*

4   **III.   DISCUSSION**

5   Killgore moves to reopen discovery so he may designate an environmental expert. Killgore

6   raises two primary justifications for his request: (1) Killgore's financial situation has changed since

7   expert discovery closed in 2019, and he now has the financial resources necessary to hire an

8   environmental expert; and (2) Russ and Burger, the two lay witnesses identified to testify regarding

9   Environmental Assessments, have expressed decreasing enthusiasm for Killgore's case over the

10  years.

11  Killgore asks the Court to consider his motion as a request for delayed disclosure under

12  Rule 26(a) and analyze whether the delayed disclosure is substantially justified or harmless

13  pursuant to Rule 37(c). SpecPro asks the Court to consider Killgore's motion as a request to

14  modify the case schedule under Rule 16(b) and analyze whether Killgore has shown good cause

15  and diligence pursuant to Rule 16(a)(4). The Court finds Rule 16(b) a more appropriate lens, as

16  Killgore's motion essentially requests a change in the Court's scheduling order by reopening

17  discovery and adjusting trial dates to accommodate the new discovery. *See, e.g., In re Northrop*

18  *Grumman Corp. ERISA Litig.*, 2016 WL 6826171, at *2; *Fidelity*, 308 F.R.D. at 652; *Park*, 2009

19  WL 4057888, at *2–3.

20  Even so, under both frameworks, the Court finds that Killgore has not met the requisite

21  standards to reopen discovery at this late stage.

22  **A.   Rule 26(a) and 37(c)**

23  To reiterate, in considering Killgore's motion as a request for delayed disclosure under Rule

24  26(a), Killgore would need to show that there is either substantial justification or harmlessness

25  pursuant to Rule 37(c).

26  **1.   Substantial Justification**

27  Courts in this circuit weigh five factors in analyzing substantial justification: (1) the surprise

28  Case No.: 5:18-cv-03413-EJD
ORDER DENYING MOTION TO REOPEN EXPERT DISCOVERY
4

to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence. *See, e.g., Moua v. IBM Corp.*, No. 5:10-cv-01070-EJD, 2019 WL 917422, at *1 (N.D. Cal. Feb. 25, 2019).

Here, the Court finds that the factors favor denying the motion.

First, Killgore's motion itself is not a surprise to SpecPro, as Killgore informed the Court of its intent to file a motion to reopen expert discovery in its September 29, 2023, status report, and the Parties indicated that they discussed this motion in July 2023. Stipulation to Set Trial and Related Dates, ECF No. 64; Opp'n 10. However, to date, Killgore still has not identified the environmental expert he plans to designate. *See* Mot. 14 (proposing a designation and report deadline on or about March 29, 2024). Because the proposed environmental expert remains a surprise, this factor weighs in favor of a denial.

Second, trial is set in approximately two months on April 16, 2024. Unless the Court continues the trial, it is highly unlikely that SpecPro will have enough time to cure the surprise by April 16, 2024. This is particularly true given that Killgore has yet to identify the expert he plans on designating. Therefore, this factor also favors denying Killgore's motion.

Third, Killgore's motion proposes a schedule which would disrupt the trial schedule, as the motion suggests expert discovery cutoff on April 26, 2024. Mot. 14. While Killgore filed his motion before trial was set and modified his proposed discovery dates at oral argument, as discussed above, the Court is not confident that there is enough time before April 16, 2024, to conduct the discovery requested. *See, e.g., Gene Pool Techs., Inc. v. Coastal Harvest, LLC*, No. 521CV01328JWHSHK, 2023 WL 5941757, at *9 (C.D. Cal. July 26, 2023), *report and recommendation adopted*, No. 521CV01328JWHSHK, 2023 WL 5944139 (C.D. Cal. Sept. 11, 2023) (summarizing the propensity for courts to find "that this factor favors granting a motion to exclude where the violating party serves the relevant discovery near the trial date, such that the trial itself would be disrupted or delayed in order to allow the opposing party adequate time to review

Case No.: 5:18-cv-03413-EJD
ORDER DENYING MOTION TO REOPEN EXPERT DISCOVERY
5

and respond to the discovery at issue"). Therefore, this factor also weighs in favor of denial.

Fourth, while the Court recognizes the importance of educating the jury on the requirements of an Environmental Assessment, Killgore has already identified two witnesses to speak to this topic, Russ and Burger. Although Killgore now describes Russ and Burger as "lay witnesses with some expertise in the field who supported Killgore, though with decreasing passion between the time of the project and their depositions," Killgore has not provided any facts to suggest that Russ and Burger have lost their ability to provide the jury with the information regarding Environmental Assessments necessary to determine liability. Mot. 13.

Finally, Killgore's two justifications for his delayed discovery request—a change in financial resources and decreasing witness passion—are insufficient. First, Killgore argues that the failure to designate an expert in 2019 was due primarily to financial conditions beyond Killgore's control, and he now has the financial resources necessary to hire an environmental expert. Mot. 13. However, Killgore has cited no case law supporting his argument that a change in financial resources constitutes substantial justification to reopen discovery at this late stage. Further, the fact that Killgore retained two other expert witnesses in 2019 and designated another two non-retained[1] expert witnesses leads the Court to believe that the issue is more one of priority than ability. Second, Killgore argues that Russ and Burger have shown "decreasing passion between the time of the project and their depositions." Mot. 13. However, a perceived lack of enthusiasm in Killgore's cause over the course of litigation is not out of the ordinary, and again, Killgore has not supplied any additional facts to show that Russ and Burger would be incapable of testifying to the environmental implications in the case. Therefore, this factor also weighs in favor of denial.

Given that all factors favor denial, the Court finds that Killgore has failed to show a substantial justification for his delayed request to reopen discovery.

### 2. Harmless

Even if there is no substantial justification, under Rule 26(a)'s framework, a delayed

---

[1] The Court notes that Killgore could have designated a non-retained environmental expert in 2019 without exerting financial resources to hire the expert, as it did with the two medical professionals.

Case No.: 5:18-cv-03413-EJD
ORDER DENYING MOTION TO REOPEN EXPERT DISCOVERY

6

disclosure may still be permitted pursuant to Rule 37(c) if it is harmless.

The Court is unpersuaded by Killgore's arguments regarding harmlessness.

First, Killgore argues that the new designation would be financially harmless because, had the expert been designated previously, SpecPro would still have incurred the same cost to depose Killgore's expert and prepare rebuttal. Mot. 14. To the contrary, SpecPro argues that given the age of this case, it would have to expend significant costs should the Court reopen expert discovery, including "time and resources reworking Defendant's trial strategy, taking expert depositions, reviewing expert reports, and doing all of this while simultaneously preparing for a jury trial." Opp'n 10. The Court agrees with SpecPro. Given the proximity to trial and the significant work that has been devoted to this case since the close of expert discovery in 2019, the Court finds that reopening expert discovery at this time would cause financial harm to SpecPro. *See Fidelity*, 308 F.R.D. at 655 (finding that designating a new expert on the eve of trial, years after the close of expert discovery and after summary judgment briefing, "would be extremely time intensive and costly").

Second, Killgore argues that SpecPro still has sufficient time to conduct discovery of its new environmental expert witness before trial. Mot. 13. However, as the Court discussed above, two months is likely not enough time to conduct the expert discovery requested here, particularly given that Killgore has yet to disclose the expert witness it seeks to designate. *Compare, e.g., F.D.S. Marine, LLC v. Brix Mar. Co.*, 211 F.R.D. 396, 400 (D. Or. 2001) (extending expert discovery two months before trial where the extension did not change the trial schedule given that the moving party had already disclosed the expert and the responding party had received the proposed expert's disclosure statement). The Court therefore finds that reopening discovery at this time would cause SpecPro harm considering the fast approaching trial date.

\* \* \*

Therefore, the Court **DENIES** Killgore's motion under Rules 26(a) and 37(c), as Killgore has failed to establish a substantial justification for his delayed disclosure, and reopening discovery on the eve of trial, over four years after expert discovery closed, would cause harm to SpecPro.

Case No.: 5:18-cv-03413-EJD
ORDER DENYING MOTION TO REOPEN EXPERT DISCOVERY
7

**B.     Rule 16(b)**

Similarly, Killgore's motion fails under Rule 16(b). To reiterate, under Rule 16(b), Killgore must show good cause for his delayed discovery request, and the primary inquiry is diligence.

For all the reasons discussed above, the Court finds that Killgore has neither established good cause nor diligence. Just as how a change in financial conditions and a witness's perceived decreasing passion for the case does not establish substantial justification, neither does it establish good cause. Killgore has also failed to show diligence in seeking to reopen discovery. Not only did expert discovery close over four years ago,[2] but Killgore knew he was going to seek to reopen expert discovery as early as July 2023 and failed to diligently file the present motion until December 2023.

Therefore, the Court also **DENIES** Killgore's motion under Rule 16(b), as Killgore has failed to establish good cause or diligence in seeking to reopen expert discovery at this stage.

**IV.     CONCLUSION**

Based on the foregoing, Killgore's motion to reopen discovery is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 12, 2024

EDWARD J. DAVILA
United States District Judge

---

[2] The Court recognizes that the Ninth Circuit appeal in part caused the substantial lapse in time between expert discovery closure and the present motion. Regardless, Killgore still had ample opportunity to raise this issue after the Ninth Circuit issued its order on October 20, 2022.

Case No.: 5:18-cv-03413-EJD
ORDER DENYING MOTION TO REOPEN EXPERT DISCOVERY
8